563 A.2d 158

**COMMONWEALTH of Pennsylvania**

v.

**Alvin EARNEST, Appellant.**

Superior Court of Pennsylvania.

Submitted June 27, 1989.

Filed Aug. 23, 1989.

462

Mark D. Douple, Asst. Public Defender, Lebanon, for appellant.

Alan M. Rubenstein, Dist. Atty., Doylestown, for Com.

Before DEL SOLE, TAMILIA and CERCONE, JJ.

TAMILIA, Judge:

Appellant was found guilty by a jury of involuntary manslaughter and not guilty of third degree murder and endangering the welfare of children in connection with the death of 15 month old Jacqueline Eglinton. He was sentenced on January 13, 1989 to a term of two to four years confinement at the Bucks County Correctional Facility.

Appellant was Jacqueline's baby-sitter and on November 16, 1987 Jacqueline's parents dropped her off at appellant's home at approximately 6:00 a.m. prior to going to work. At

approximately 2:00 p.m. that day, appellant carried Jacqueline into the office of the mobile home park where he lived requesting help, claiming Jacqueline had fallen down the steps and was unconscious. The police and a rescue squad soon arrived and administered CPR before taking her to the hospital but she died the next day of swelling of the brain. Appellant's wife was at work on the 16th so appellant was alone with Jacqueline and the only witness to the events which led to her death.

Appellant claims he put Jacqueline in bed as soon as she arrived at his house and she did not wake up until 11:00 at which time he fed her lunch. Afterwards, appellant started washing the dishes while Jacqueline played in the living room until appellant heard the storm door click and saw Jacqueline was no longer in the living room. He found her unconscious at the bottom of the porch steps, partially on the sidewalk. He immediately tried to wake her, then went to the office for help.

The Commonwealth contends Jacqueline did not fall down the steps but suffered the brain injury as a result of appellant violently shaking her. The sole issue before the jury, therefore, was what caused the brain swelling which led to Jacqueline's death.

Appellant raises four issues on appeal: 1) the evidence was insufficient to sustain his conviction; 2) the verdict was against the weight of the evidence; 3) the trial court erred in allowing the jury to view the porch steps pursuant to a jury question when the steps had never been offered into evidence; and 4) whether the court erred in allowing the jury to touch the steps.

■ Appellant claims the evidence was insufficient to sustain his conviction for involuntary manslaughter because the Commonwealth failed to prove Jacqueline's death was anything but accidental. "The law is settled in this Commonwealth that in reviewing the sufficiency of the evidence, the appellate court is required to review all the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, which has won the ver-

dict." *Commonwealth v. Tyson,* 363 Pa.Super. 380, 384, 526 A.2d 395, 397 (1987) (citation omitted).

The foundation of appellant's argument is the experts disagreed over the cause of Jacqueline's injury but he also claims the verdicts were inconsistent, therefore, the elements of the crime of involuntary manslaughter have not been proven. After reviewing the record and the notes of testimony, we disagree.

Appellant argues the "mechanism" which caused the fatal brain injury was highly disputed—even between the Commonwealth's own experts—in that Dr. Paul Diamond stated the cause of death was from a blow to the head and Dr. Paul Hoyer stated the cause of death was "shaken baby syndrome." Our review of the testimony reveals this discrepancy is not as ruinous to the Commonwealth's case as appellant suggests because Dr. Diamond testified as to certain injuries the child had suffered indicative of "shaken baby" but concluded Jacqueline had been "struck and not *just* shaken." (N.T. 3/31/88, p. 167) (emphasis added).[1] Dr. Diamond did not rule out shaken baby syndrome but considered the other injuries found on the child to be contributory to her death. In any event, whether Jacqueline was struck or shaken is not a relevant distinction as appellant was the only one who could have committed the act or acts.

Our Supreme Court, in *Commonwealth v. Paquette,* 451 Pa. 250, 301 A.2d 837 (1973), established the rule of law for cases such as this:

> Where, as here, an adult has sole custody of a child for a period of time, and, during that time the child suffers wounds which unquestionably are neither self-inflicted nor accidental, the evidence is sufficient to allow a jury to infer that the adult inflicted the wounds.

*Id.,* 451 Pa. at 255, 301 A.2d at 840.

This Court reiterated and relied on this rule allowing an inference of guilt where a child suffers a fatal injury while

---

1. Dr. Diamond testified that Jacqueline had multiple bruises, approximately 20, on all different parts of her body which were in different stages of healing (N.T. 3/31/88, pp. 151–152).

an adult has sole custody of the child in *Commonwealth v. Nissly*, 379 Pa.Super. 86, 549 A.2d 918 (1988). In *Nissly*, the defendant was not the only adult in the house when the fatal injury was inflicted but the inference of guilt was still applicable as the defendant was the only adult with the child when the injury had to have occurred. As in the instant case, the fact finder found the injury was not accidental or self-inflicted, therefore, the evidence was sufficient for the conviction, as we find it is here.[2]

■ Appellant's contention the verdicts were inconsistent because the jury found him *not* guilty of endangering the welfare of children is without merit. The statutes provide as follows:

### § 2504. Involuntary manslaughter

(a) **General rule.**—A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person.

18 Pa.C.S. § 2504(a).

### § 4304. Endangering welfare of children

A parent, guardian, or other person supervising the welfare of a child under 18 years of age commits a misdemeanor of the second degree if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

18 Pa.C.S. § 4304.

We agree with the Commonwealth's argument that even though the jury found appellant did not *knowingly* endanger Jacqueline they could rightfully find he *recklessly* or in a *grossly negligent* manner caused her death.

---

**2.** Appellant's expert, Dr. Richard Lindenberg, also cited the cause of death as acute brain swelling (N.T. 4/5/88, p. 365) although he disagreed with the conclusions of Dr. Diamond and Dr. Hoyer in that Dr. Lindenberg believed the injuries were consistent with a fall. The difference of opinions, however, goes to the weight of the evidence and not the sufficiency.

■ Appellant's second argument is the verdict was against the weight of the evidence because the Commonwealth's experts were not worthy of belief due to their contradictory opinions. Again, as discussed above, the opinions were not contradictory and the differences, if any, do not exculpate appellant. Furthermore, as we have stated many times:

Where the evidence is conflicting, it is the province of the fact finder to determine credibility; it is the prerogative of the fact finder to believe all, part, or none of the evidence presented. Whether a new trial should be granted because the verdict is against the weight of the evidence is an issue addressed to the sound discretion of the trial court; a new trial should be granted only when the verdict is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Pearsall,* 368 Pa.Super. 327, 330, 534 A.2d 106, 108 (1987) (citations omitted).

In light of all the testimony and evidence presented, we do not find the verdict to be so contrary to the evidence as to shock our sense of justice.

■ Appellant's final two issues allege trial court error in allowing the jury, during deliberations, to view the porch steps which had been transported to the courthouse from appellant's mobile home and allowing certain members of the jury to touch the steps even though the court's instructions were that the jury could *view* the steps. These contentions are without merit as appellant fails to show how he was prejudiced by the alleged errors. (*See Walasavage v. Marinelli,* 334 Pa.Super. 396, 483 A.2d 509 (1984), where trial court permitted jury to retain certain documents during deliberations but this error did not prejudice defendant so a new trial was unwarranted.)

Judgment of sentence affirmed.