COMMONWEALTH of Pennsylvania,
Appellee

v.

Anthony BRUNSON, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 9, 2007.

Filed Dec. 11, 2007.

Daniel H. Greene, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., for Com., appellee.

BEFORE: STEVENS, ORIE MELVIN, and COLVILLE *, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal *nunc pro tunc* from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following Appellant's conviction on the charges of robbery, attempted theft, possessing an instrument of crime, making terroristic threats, simple assault, and recklessly endangering another person. On appeal, Appellant contends the evidence was insufficient to sustain his convictions for robbery, simple assault, possession of an instrument of crime, and recklessly endangering another person.[1] We affirm.

¶ 2 "The law is settled in this Commonwealth that in reviewing the suffi-ciency of the evidence, the appellate court is required to review all the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, ... [as the verdict winner.]" *Commonwealth v. Earnest,* 386 Pa.Super. 461, 563 A.2d 158, 159 (1989) (citation omitted). The test is whether the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Swerdlow,* 431 Pa.Super. 453, 636 A.2d 1173 (1994). "This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Id.* at 1176 (quotation and quotation marks omitted). Although a conviction must be based on "more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty." *Commonwealth v. Badman,* 398 Pa.Super. 315, 580 A.2d 1367, 1372 (1990) (citation omitted).

¶ 3 Using the aforementioned standard, the evidence adduced at trial, together with all reasonable inferences in favor of the Commonwealth, reveals the following: Appellant was arrested and, represented by counsel, he proceeded to a bench trial, at which Reverend Charles Taylor, Police Officer Paul Rivera, Teresa Johnson, and Anthony Brunson testified. Specifically, Reverend Charles Taylor, who was sixty-seven years old, N.T. 1/27/05 at 40, testi-fied as follows: On July 22, 2004, at around midnight, the Reverend was stand-ing near his vehicle waiting for his daugh-ter when Appellant approached him and asked whether the Reverend was "hack-

---

* Retired Senior Judge assigned to the Superior Court.

1. We note that Appellant has presented no argument concerning whether the evidence was sufficient to sustain his convictions for attempted theft and making terroristic threats. Therefore, any challenge to the suffi-ciency of the evidence as to these offenses is waived. *See* Pa.R.A.P. 2119.

ing." [2]  N.T. 1/27/05 at 11–12.  The Reverend indicated "no," that he was just waiting for his daughter.  N.T. 1/27/05 at 16.  Appellant indicated he wanted to be driven to a nearby location, and the Reverend agreed to drive him to the desired location in exchange for $5.00.  N.T. 1/27/05 at 16–17.  While they were driving, Appellant indicated he only had a twenty dollar bill and would need change.  N.T. 1/27/05 at 17.  The Reverend, who had only a single five dollar bill, said he would need to stop for change.  N.T. 1/27/07 at 17.  In response, Appellant suggested the Reverend give Appellant the five dollar bill, and Appellant would then give the Reverend the twenty dollar bill.  N.T. 1/27/07 at 17.  Upon arriving at Appellant's destination, the Reverend told Appellant that he didn't have to pay for the ride and the Reverend had to get going in order to meet his daughter.  N.T. 1/27/07 a 20.  Appellant suddenly grabbed the Reverend's neck with one hand and demanded the Reverend give him the five dollar bill.  N.T. 1/27/07 at 20–22.  The Reverend noticed that Appellant was holding something white in his left hand, and he began struggling with Appellant.  N.T. 1/27/07 at 20–24.  The white item, which Appellant was holding, fell to the vehicle's floor.  N.T. 1/27/07 at 24.  Appellant began punching the Reverend in the head, and the Reverend raised his arm to defend himself.  N.T. 1/27/07 at 25–26.  Appellant repeatedly threatened to kill the Reverend if he did not give him the five dollar bill and threw the vehicle's keys out of the window.  N.T. 1/27/07 at 26–27, 33.  At this point, the Reverend's "heart started pounding like [he] might have a heart attack and [Appellant] might have killed me."  N.T. 1/27/07 at 27.  The Reverend then opened the vehicle's door, and while he was exiting, Appellant attempted to take the Reverend's wallet out of his pocket.  N.T. 1/27/07 at 26–27.  The Reverend ran across the street, and Appellant began searching the vehicle, including an area between the seats and the glove box.  N.T. 1/27/07 at 31–32.  Appellant tore off the vehicle's rearview mirror, exited the vehicle, and threw a plastic Pepsi Cola bottle at the Reverend.  N.T. 1/27/07 at 28, 31–33.  The bottle missed its intended target, and the Reverend ran, with Appellant right behind him.  N.T. 1/27/07 at 29–35.  The Reverend dialed 911 on his cell phone, and the police arrived within a minute and a half.  N.T. 1/27/07 at 36–37.  The Reverend informed the police that Appellant had run into a nearby building.  N.T. 1/27/07 at 37.  As a result of the attack, the Reverend suffered torn ligaments in his right shoulder, for which surgery has been recommended.  N.T. 1/27/07 at 25–26, 39.

¶ 4 Police Officer Paul Rivera testified that he was on duty on July 22, 2004 at approximately 12:45 a.m. when he saw an elderly man in the middle of the road waving for the police cruiser to stop.  N.T. 1/27/07 at 51.  The elderly man indicated he had just been robbed and the robber ran into a nearby building.  N.T. 1/27/07 at 51–52.  The building's security guards brought Appellant into the lobby, the elderly man identified Appellant as the robber, and the police arrested Appellant.  N.T. 1/27/07 at 52–53.

¶ 5 Teresa Johnson testified Appellant is her common-law husband, and he was home from 11:30 p.m. to 12:45 a.m. during the night of the alleged incident.  N.T. 1/27/07 at 55–56.  Appellant was not

---

**2.** "Hacking," which is illegal, is used to describe people who drive others in exchange for money.  N.T. 1/27/06 at 13–14.  As the trial court noted in its opinion, Reverend Taylor admitted at trial that he sometimes "hacks" to help elderly people.  N.T. 1/27/06 at 13–16.

sweating, upset, or out of breath. N.T. 1/27/07 at 56. Security officers suddenly arrived at her door and took Appellant. N.T. 1/27/07 at 57.

¶ 6 Appellant testified that Reverend Taylor was "hacking" on the night in question and agreed to give Appellant a ride. N.T. 1/27/07 at 61–62. Upon arriving at Appellant's destination, Reverend Taylor demanded $20.00 and Appellant refused. N.T. 1/27/07 at 62. Appellant and the Reverend argued, resulting in Appellant not paying the fare. N.T. 1/27/07 at 62. Appellant denied tussling with, attempting to steal from, hitting, choking, threatening or throwing a bottle at the Reverend. N.T. 1/27/07 at 63–67. He also denied throwing the vehicle's keys or tearing off the vehicle's rear view mirror. N.T. 1/27/07 at 65–67.

¶ 7 At the conclusion of the bench trial, the trial court convicted Appellant of the offenses indicated *supra*, and on March 23, 2005, the trial court sentenced Appellant to twenty-four months to forty-eight months in prison, to be followed by a consecutive three years of probation, for robbery. The trial court imposed no further penalty for the remaining convictions. Appellant did not initially file a direct appeal; however, he filed a timely petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546, which resulted in his appeal rights being reinstated on May 31, 2006. This appeal followed on June 1, 2006. The trial court ordered Appellant to file a Pa. R.A.P.1925(b) statement, and Appellant timely complied with a proper Pa.R.A.P. 1925(b) statement. The trial court filed a Pa.R.A.P.1925(a) opinion.

¶ 8 Appellant first challenges whether the evidence was sufficient to sus-

tain his conviction for robbery, which was graded as a felony of the second degree. Specifically, Appellant contends the evidence failed to show that the victim was put in fear of immediate bodily injury or actually sustained bodily injury.

¶ 9 18 Pa.C.S.A. § 3701 provides, in relevant part, the following:

**(a) Offense defined.—**

(1) A person is guilty of robbery if, in the course of committing a theft,[3] he:

\* \* \*

(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury. . . .

18 Pa.C.S.A. § 3701(a)(1)(iv) (bold in original) (footnote added).[4]

¶ 10 18 Pa.C.S.A. § 2301 defines "bodily injury" as "[i]mpairment of physical condition or substantial pain."

¶ 11 In the case *sub judice*, we conclude that the evidence sufficiently establishes that Appellant threatened Reverend Taylor with and/or intentionally put him in fear of immediate bodily injury. Specifically, Reverend Taylor testified that, after he refused to give Appellant his five dollar bill, Appellant grabbed the Reverend's neck and punched the Reverend in the head. As the Reverend raised his arm to deflect the blows, Appellant threatened to kill the Reverend if he did not relinquish the five dollar bill. The Reverend testified his "heart started pounding like [he] might have a heart attack and [Appellant] might have killed me." N.T. 1/27/07 at 27. As the Reverend attempted to alight from his vehicle, Appellant continued to grab at the

---

**3.** Appellant does not dispute that the evidence was sufficient to establish this portion of the offense.

**4.** 18 Pa.C.S.A. § 3701(b) provides that robbery under subsection (a)(1)(iv) is graded as a felony of the second degree.

Reverend and threw a plastic bottle at him once Appellant also exited the vehicle. Based on this evidence, which the fact-finder found to be credible, we conclude the evidence sufficiently established Appellant threatened and/or intentionally put Reverend Taylor in fear of immediate bodily injury. *See Commonwealth v. Rodriquez,* 449 Pa.Super. 319, 673 A.2d 962 (1996); *Commonwealth v. Leatherbury,* 326 Pa.Super. 179, 473 A.2d 1040 (1984) (holding evidence was sufficient to convict for robbery where two men approached an elderly man on the street, grabbed both his arms, and demanded his wallet).

¶ 12 Moreover, we conclude the evidence sufficiently established that Appellant actually inflicted bodily injury upon Reverend Taylor. Specifically, Reverend Taylor testified that, as a direct result of the robbery, he suffered torn ligaments in his right shoulder, for which surgery has been recommended. *See Commonwealth v. Richardson,* 431 Pa.Super. 496, 636 A.2d 1195 (1994) (holding that a punch to the face which caused pain for a few days but which required no medical treatment or missed work was sufficient for a finding of bodily injury).

¶ 13 Appellant next contends the evidence was insufficient to sustain his convictions for simple assault, possession of an instrument of crime, and recklessly endangering another person.

¶ 14 We begin with an analysis of the evidence as it relates to recklessly endangering another person. 18 Pa.C.S.A. § 2705, recklessly endangering another person, provides the following: "A person commits a misdemeanor of the second de-gree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2301 defines "serious bodily injury" as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."

¶ 15 In the case *sub judice,* Appellant punched Reverend Taylor, who was elderly, in the head and choked him. While fending off the attack, Reverend Taylor blocked his head with his arm and suffered torn ligaments to his right shoulder, for which surgery has been recommended.[5] This was sufficient to demonstrate Appellant recklessly engaged in conduct which placed Reverend Taylor in danger of death or serious bodily injury. *See Commonwealth v. Sanders,* 339 Pa.Super. 373, 489 A.2d 207 (1985) (holding evidence sufficient for recklessly endangering another person where the appellant grabbed the victim around the neck and pulled her into a room).

¶ 16 Regarding Appellant's conviction for simple assault, he specifically contends the evidence was insufficient to demonstrate he caused or attempted to cause bodily injury to the Reverend. *See* 18 Pa.C.S.A. § 2701. Here, Appellant's simple assault conviction is supported by the same facts which support Appellant's conviction for recklessly endangering another person. Moreover, simple assault is a lesser included offense of recklessly endangering another person since the elements of simple assault are necessarily included in the offense of recklessly en-

---

5. In his brief, Appellant submits the trial court erred in considering the fact Reverend Taylor testified he received medical attention and a recommendation for surgery regarding his shoulder. While defense counsel initially objected to this testimony, and the objection was sustained, N.T. 1/27/05 at 25–26, the evidence was subsequently properly admitted without objection when the trial court questioned Reverend Taylor. N.T. 1/27/05 at 38–39.

dangering another person. *See Commonwealth v. Thomas,* 879 A.2d 246 (Pa.Super.2005) (holding simple assault is a lesser included offense of recklessly endangering another person). Therefore, having determined the evidence was sufficient to sustain the elements for recklessly endangering another person, we also conclude the evidence was sufficient for the crime of simple assault. *See Commonwealth v. Dale,* 836 A.2d 150 (Pa.Super.2003) (holding that where evidence was sufficient for attempted murder it was necessarily sufficient for aggravated assault, which is a lesser included offense).

■ ¶ 17 Finally, we examine Appellant's challenge to the sufficiency of the evidence as it relates to possession of an instrument of crime.

¶ 18 18 Pa.C.S.A. § 907 provides, in relevant part, the following:

**(a) Criminal instruments generally.—** A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.

\* \* \*

**(d) Definitions.—**As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

\* \* \*

**"Instruments of crime."** Any of the following:

(1) Anything specially made or specially adapted for criminal use.

(2) Anything used for criminal purposes and possessed by the actor under

circumstances not manifestly appropriate for lawful uses it may have.

18 Pa.C.S.A. § 907 (bold in original).

¶ 19 Appellant contends that the soda bottle, which he threw at Reverend Taylor, cannot be an "instrument of crime" since it was made of harmless plastic.[6] Essentially, Appellant argues that, before an item can qualify as an "instrument of crime" under Section 907, the Commonwealth must demonstrate that the item could cause harm.[7] Our plain reading of the statute reveals no such requirement and, since Appellant has cited no case law supporting his interpretation of the statute, we find no relief is due.

¶ 20 Affirmed.

¶ 21 COLVILLE, J., FILES A DISSENTING OPINION.

DISSENTING OPINION BY COLVILLE, J.:

¶ 1 I dissent. Appellant claims the evidence was insufficient to convict him of possession of an instrument of crime ("PIC") for throwing a plastic soda bottle at the victim. The Majority finds Appellant's argument regarding this issue limited to a claim that the Commonwealth must demonstrate an item could cause harm before it can qualify as an instrument of crime for purposes of 18 Pa.C.S.A. § 907; harm is not an element of the PIC statute. I would not view Appellant's argument as narrowly; I believe Appellant has adequately raised a general claim that the plastic soda bottle is not an instrument of a crime. Thus, I would address this claim on the merits.

---

**6.** There was no evidence presented as to whether the bottle contained any liquid or was empty.

**7.** We find it unnecessary to address Appellant's contention the plastic soda bottle was incapable of causing harm.

¶ 2 Further, I would find that the plastic soda bottle is not an instrument of crime as defined by 18 Pa.C.S.A. § 907. It was certainly not specially made or adapted for criminal use, nor was it possessed by Appellant under circumstances not manifestly appropriate for its lawful uses. *See* 18 Pa.C.S.A. § 907(d)(1) and (2); *Commonwealth v. Williams,* 808 A.2d 213, 215 (Pa.Super.2002) (holding the mere use of an item to facilitate a crime does not transform the item into an instrument of crime for purposes of the PIC statute).

¶ 3 Thus, I would reverse Appellant's conviction for possession of an instrument of crime. Because sentence was imposed on Appellant's robbery conviction only, I would not, however, remand for resentencing. *See Commonwealth v. Thur,* 906 A.2d 552, 569 (Pa.Super.2006) (stating if this Court's decision does not alter the overall sentencing scheme of the trial court, there is no need for a remand).