## Commonwealth v. Foreman

CP. of Delaware County, no. 7340-09.

*Michael Mattson,* for Commonwealth.
*Patrick Connors,* for defendant.

Dozor, *J.,* September 6, 2010—

## NATURE AND HISTORY OF THE CASE

This is an appeal from this court's judgment of sentence imposed on June 22, 2010. The nature and history of this case is as follows:

On June 24, 2009, appellant was arrested and charged with possession of a controlled substance (oxycodone)[1] and turning movement, required signals, a summary offense.[2] This court notes that appellant filed and litigated a motion to suppress, which was denied by this court on March 25, 2010.

From April 6, 2010 to April 7, 2010, this court presided over a jury trial. After reviewing all the evidence, the jury determined that appellant was guilty of Information A, possession of a controlled substance,[3] which was the sole information to be presented to the jury. This court then found appellant guilty of Information B, turning movement, required signals, as a summary offense.[4] This court scheduled sentencing for June 22, 2010 and ordered a pre-sentence investigation report, a drug and alcohol evaluation and a psychological report. Appellant was released on bail pending sentencing and was required by this court to be placed upon the electronic home monitor pending sentencing.

This court notes that as a result of a new charge for possession with intent to deliver a controlled substance based upon appellant's April 20, 2010 arrest, the Commonwealth sought to have appellant's bail revoked, On April 27, 2010, this court granted appellant's motion and revoked appellant's bail.

On June 22, 2010, appellant was before this court for sentencing. On Information A, possession of a controlled substance,[5] appellant received 14 months to 28 months

1. 35 P.S. §780-113(a)(16).
2. 75 Pa.C.S. §3334(b).
3. 35 P.S. §780-113(a)(16).
4. 75 Pa.C.S. §3334(b).
5. 35 P.S. §780-113(a)(16).

incarceration in a state correctional facility and eight months consecutive state probation. On Information B, turning movement, required signals, appellant received a $25 fine. Appellant was deemed not RRRI eligible, this court recommended SCI Chester for substance abuse treatment; this court required a parole plan for substance abuse and required appellant to complete and follow the recommendations of a drug and alcohol evaluation. Appellant was given credit for time served from April 27, 2010 to June 22, 2010.

On July 2, 2010, appellant filed a timely post-sentence motion alleging insufficient evidence and which requested modification of the sentence. This court held a hearing on July 19, 2010 on the post-sentence motion. On July 22, 2010, this court issued an order denying the post-sentence motion.

On August 23, 2010, appellant filed a timely notice of appeal. In response to this court's Pa.R.A.P. 1925(b) request, appellant raises the following issues on appeal: "The evidence was insufficient to sustain the conviction for possession of a controlled substance since the Commonwealth failed to prove beyond a reasonable doubt that Mr. Foreman had actual or constructive possession of the contraband."

## FACTS

Pennsylvania State Trooper Travis Martin testified that on June 24, 2009 he was in a marked patrol vehicle, working 3rd shift 11-7am. Trooper Martin testified that he was working with Trooper Thomas O'Konski on Interstate 95 around 2:04 AM. The Troopers were traveling in the center lane on 1-95 southbound, with relatively light traffic and no adverse weather conditions

when they observed a Chrysler in the right lane merge onto an exit ramp without using its turn signal. Based upon his observation of the Chrysler's movement in to another lane without utilizing a turn signal, Trooper Martin believed a traffic violation had occurred so he activated his overheard lights and sirens; Trooper Martin testified that the vehicle immediately pulled over.

Trooper Martin exited from the driver's side of the patrol vehicle and approached the passenger side of appellant's vehicle while Trooper O'Konski exited from passenger side of the patrol vehicle and walked to driver's side of appellant's vehicle. Trooper O'Konski testified that he believed that the driver's side window was already rolled down when he approached the vehicle. Upon making contact with appellant, the driver, Trooper O'Konski informed appellant the reason for the traffic stop and then requested that appellant provide his driver's license, registration and insurance information. This court notes that appellant provided the requested documentation and that appellant was the registered owner of the vehicle. See Commonwealth's exhibit, C-1 certified PennDOT record of vehicle ownership.

Both troopers testified that appellant appeared to be very nervous, and was not making eye contact with either trooper and in fact was actually attempting not to make contact and appellant was visibly shaking. Trooper Martin testified that appellant was acting more nervous then others normally act during a traffic stop and Trooper Martin characterized appellant's level of nervousness as "very high." Based upon his observations, Trooper Martin asked appellant if there was anything he should be nervous about and appellant said he had nothing to be nervous about and they could search the vehicle. Since

appellant offered the troopers the opportunity to search the vehicle, the troopers granted the requested and removed appellant from the vehicle so that they could search it. Trooper O'Konski opened the front door and immediately saw a plastic bag on the shelf of the driver's side door. Trooper O'Konski immediately observed a white plastic shopping bag on the shelf and when he opened the bag and there were white pills loose in the bag. See Commonwealth's exhibit, C-2, Trooper O'Konski testified that the pills were not in a pill bottle and that there was no prescription. Nothing else was found in the vehicle. See Commonwealth's exhibit, C-3 property record. Both troopers testified that appellant acted shocked when the pills were discovered and he told the troopers that the pills belonged to his brother. Appellant was placed under arrest, transported to the Media Barracks for processing and the vehicle was towed. Trooper Martin sent the white pills for a drug analysis. See Commonwealth's exhibit, C-4. The drug analysis for the pills revealed that the 29 round white pills weighed 15 1/10 of a gram and contained Oxycodone, a schedule II substance. See Commonwealth's exhibit, C-5.

Appellant presented evidence and testimony on his behalf during the trial. Appellant's brother, James Foreman, testified that he sometimes used appellant's vehicle. James Foreman testified that he and his brother had no specific arrangement with brother as to the use of the vehicle just used it when necessary and this court testified that the last time he used it prior to June 24 was two months. James Foreman testified that he used the vehicle on June 24 because his wife needed to go to Pathmark to shop and that they used the vehicle around 7 PM on the 24th. James Foreman testified that he returned the vehicle to appellant after he finished grocery shopping

and then appellant used the vehicle to drive James Foreman to work. James Foreman told the jury that he had been prescribed medication, specifically oxycodone, for back pain and that he left the medication in appellant's vehicle because he forgot it. James Foreman informed the jury that he had planned to bring the medication to work, as was his usual routine because he sometimes requires pain management while he is at work. James Foreman informed the jury that he customarily leaves some pills at home and takes some pills to work so that is why the pills were loose in the bag. James Foreman informed the jury that he filled a prescription for 60 pills and had just had it filled prior to appellant being pulled over.

Appellant also presented testimony from Osinakachi Egbukwu, a pharmacist who works in the Rite Aid in Chester, PA. Mr. Egbukwu testified that he recalled that on June 22, 2009, James Foreman filled a prescription for 60 oxycodone and that the prescription was for no refills. See defendant's exhibit, D-1. Mr. Egbukwu was certain that Mr. James Foreman filled the prescription using a doctor's script and he also testified that he had been James Foreman's pharmacist for 25 years.

## DISCUSSION

Appellant alleges that the evidence was insufficient and therefore the jury was unable to determine beyond a reasonable doubt that appellant possessed the controlled substances that were located in the driver's side door of his personal vehicle. When determining the sufficiency of the evidence, "the appellate court is required to review all the evidence and all reasonable inferences drawn therefrom in a light most favorable to the Commonwealth

. . . [as the verdict winner.]" *Commonwealth v. Brunson,* 938 A.2d 1057, 1058 (Pa. Super. 2007). In making this determination, "the test is whether the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt." *Id.* Furthermore, it is within the province of the fact-finder to determine the weight to be accorded each witness's testimony and to believe all, part, or none of the evidence introduced at trial. *Commonwealth v. Molinaro,* 429 Pa. Super. 29, 33, 631 A.2d 1040, 1042 (1993).

Appellant was convicted of possessing a controlled substance. Section 780-113(a)(16) states:

"Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate state board, unless the substance was obtained directly or from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act." 35 P.S. §780-113(a)(16).

The term possession is defined as the ability to exercise dominion and control over an area or object, and the possession may be actual or constructive. *Commonwealth v. Aviles,* 419 Pa. Super. 345, 352, 615 A.2d 398, 401 (1992). Constructive possession is a legal fiction created to deal with the realities of criminal law enforcement; it is an inference arising from a set of facts that the possession of the contraband was more likely than not. *Id.* Constructive possession may be established by a totality of circumstances that demonstrate the defendant-exercised dominion and control over the controlled substance or paraphernalia. *Id.* 419 Pa. Super. at 352, 615 A.2d at 402 (citing *Commonwealth v. Macolino,* 503 Pa. 201,

206, 469 A.2d 132, 134 (1983); *Commonwealth v. Fortune,* 456 Pa. 365, 318 A.2d 327 (1974)).

The Commonwealth presented testimony that during a valid traffic stop the Pennsylvania State Troopers noticed that appellant appeared to be overly nervous. According to Trooper Martin, appellant was more nervous then the average person who is involved in a routine traffic stop. Appellant's nervousness raised suspicions and Trooper Martin's curiosity was raised enough that he inquired as to whether there was something that appellant was hiding. Appellant told the troopers that they could search his vehicle; thereafter, appellant was removed from the vehicle and Trooper O'Konski began the search. Trooper O'Konski began the search by opening the driver's side door and look at the interior of the door, within seconds Trooper O'Konski located a shopping bag in the shelf area of the driver's side door. Trooper O'Konski removed the shopping bag from the shelf and opened the bag, revealing loose oxycodone pills. The testimony of the troopers was clear that the bag was well within the reach of appellant since appellant was the driver and sole occupant of the vehicle and the bag was located to his immediate left, on the shelf of the driver's side door. The troopers also confirmed and the evidence revealed that appellant was the owner of the vehicle.

Based upon the evidence presented by the Commonwealth, there was ample evidence for the jury to conclude that appellant as owner and sole occupant of the vehicle had actual or constructive possession of the controlled substances which were found within inches of his person.

Appellant presented testimony to the jury that his brother, who had a valid prescription for oxycodone, had

left the pills in the plastic bag on the shelf of the driver's side door earlier that day while he was driving the vehicle. Despite the evidence presented by appellant, through his brother, the jury determined that appellant who was the owner and occupier of the vehicle at the time of the vehicle stop possessed the controlled substances. The jury obviously discredited the evidence presented by appellant and choose to believe the testimony of the troopers that appellant was acting overly nervous during the traffic stop and that appellant's own actions aroused the suspicions of the troopers that appellant may have been involved in criminal activity such that the troopers questioned appellant as to why he appeared to be so nervous.

In reviewing the evidence in the light of the Commonwealth, who was the verdict winner, this court determines that the Commonwealth established all the elements of the crime beyond a reasonable doubt and there was sufficient evidence to support appellant's conviction for possession of a controlled substance, See *Commonwealth v. Jackson,* 435 Pa. Super. 410, 414, 645 A.2d 1366, 1368 (1994); *Aviles,* 419 Pa. Super. at 353, 615 A.2d at 402. Following a valid traffic stop, the police obtained consent to search appellant's vehicle and during that search the police found a plastic shopping bag containing loose oxycodone within reach of appellant. It is not a stretch of the imagination for the jury to have concluded that appellant as the sole occupier and owner of the vehicle possessed the drugs found in the shelf of the driver's side door.

Under the standard described above, the evidence summarized above was sufficient to establish that appellant was guilty of possession of a controlled substance.

It is within the province of the finder of fact to believe all, part or none of the evidence. *Commonwealth v. Tate,* 485 Pa. 180, 401 A.2d 353 (1979). The credibility of a witness is within the sole province of the finder of fact, and the fact finder must reconcile any conflicts and decide what weight to give the evidence presented. *Commonwealth v. Swerdlow,* 431 Pa. Super. 453, 458, 636 A.2d 1173, 1176 (1994). This court determines that appellant's allegation that the evidence was insufficient as a matter of law to support any of the convictions that he received is meritless; while another judge or jury may have reached a different result, the appellate court cannot conclude that the evidence was insufficient as a matter of law and as such this appeal should be dismissed.

## CONCLUSION

For all of the foregoing reasons, the trial court's judgment of sentence should be affirmed.