J-S03006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HORACE L. JACKSON | : | |
| | : | |
| Appellant | : | No. 811 EDA 2017 |

Appeal from the Judgment of Sentence February 2, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0011377-2015

BEFORE:   BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

CONCURRING AND DISSENTING MEMORANDUM BY STEVENS, P.J.E.:

**FILED MAY 01, 2018**

While I join the portions of the Majority's decision affirming the denial of Appellant's suppression claim and his challenges to the sufficiency of the evidence supporting his convictions for robbery and attempted theft, I disagree with the Majority's reversal of Appellant's conviction for Possessing an Instrument of Crime (PIC).  Therefore, I respectfully dissent from that portion of this decision.

Pursuant to Section 907 of the Crimes Code, an individual may be convicted of PIC if "he possesses any instrument of crime with intent to employ it criminally."  18 Pa.C.S.A. § 907(a).  Section 907(d) defines "instrument of crime" as "(1) [a]nything specially made or specially adapted for criminal use[, or] (2) [a]nything used for criminal purposes and possessed by the actor

_____

* Former Justice specially assigned to the Superior Court.

under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S.A. § 907(d).

As noted by the Majority, this Court found that a toy gun, which was altered to appear like an operable firearm, constituted an "instrument of crime" as it had been "specially adapted for criminal use." *Commonwealth v. Brown*, 23 A.3d 544, 561 (Pa.Super. 2011). *See also Commonwealth v. Brunson*, 938 A.2d 1057, 1062 (Pa.Super. 2007) (finding that a plastic soda bottle can be deemed an instrument of crime).

Although the Majority finds the Commonwealth failed to "establish that Appellant did anything to actively simulate or give the impression that he had [a] gun" or an instrument of crime, it is not necessary that a defendant employ the instrument of crime to be convicted of PIC. In fact, our Supreme Court has emphasized that "PIC, by its definition, is an inchoate crime, meaning that *a defendant only has to intend to employ the instrument of crime criminally*; a defendant need not actually employ it or complete an associated crime." *Commonwealth v. Moore*, 628 Pa. 103, 123, 103 A.3d 1240, 1252 (2014) (emphasis added). The "touchstone of liability" for a PIC conviction is the actor's criminal purpose, "which may be inferred from the circumstances surrounding the possession." *Commonwealth v. Andrews*, 564 Pa. 321, 337, 768 A.2d 309, 317–18 (2001).

In this case, Appellant approached the victim, demanded his wallet and cell phone, and repeatedly threatened to shoot the victim. When confronted with these threats, the victim observed that Appellant was holding a black

object at his side, in such a manner that made the victim believe that Appellant was holding a firearm. The trial court made a finding of fact that the hidden object was a rolled up hat that Appellant concealed at his side to simulate a gun in furtherance of the robbery. Even though the victim had extensive experience with firearms in the armed forces, the victim could not ascertain whether Appellant was holding a weapon.

Based on these facts, it was reasonable for the trial court to infer that Appellant's blatant threats to shoot the victim and concealment of the object demonstrated his intent to use the object to coerce the victim into giving up his property. Merely because the trial court found the object was a rolled up hat does not obviate the trial court's conclusion that Appellant's use of the hat in such a manner to simulate a gun could result in a criminal conviction.

As a result, the trial court did not err in convicting Appellant of PIC after finding Appellant possessed an item specially adapted for criminal use and intended to use the instrument of crime to further his attempt to rob the victim. For this reason, I dissent.