J. S17036/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                               :              PENNSYLVANIA
                   v.                   :
                                                 :
THOMAS PENNYPACKER,          :        No. 732 EDA 2018
                                                 :
             Appellant             :

Appeal from the Judgment of Sentence, January 26, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0011900-2015

BEFORE: BENDER, P.J.E., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED SEPTEMBER 11, 2019**

Thomas Pennypacker appeals from the January 26, 2018 judgment of sentence entered by the Court of Common Pleas of Philadelphia County following his conviction in a waiver trial of aggravated assault, simple assault, and recklessly endangering another person ("REAP").[1] The trial court imposed a sentence of 3½ to 7 years' incarceration followed by 2 years' reporting probation. We affirm.

A review of the record reveals that on November 6, 2015, appellant invited his daughter to join him at Stevenson's Place, a bar in Philadelphia, so appellant could buy his daughter a drink for her birthday and give her some money. (Notes of testimony, 9/29/17 at 8-9.) Throughout the evening, both

---

[1] 18 Pa.C.S.A. §§ 2702(a), 2701(a), and 2705, respectively.

appellant and his daughter had several drinks. (*Id.* at 9, 22, 52, 71-72.) Appellant's niece and Sherry, a female acquaintance of appellant, also joined the party. (*Id.* at 9-10, 46, 72.) Later that night, an altercation arose outside the bar between appellant's daughter and Sherry in which appellant's daughter threw a beer bottle at Sherry. (*Id.* at 10, 31.) Appellant grabbed his daughter, "threw" her in the car, and "started choking [her]." (*Id.*) Appellant's daughter told appellant he was choking her, but appellant would not listen and did not stop. (*Id.* at 10, 18.) When the car door was opened, appellant pulled his daughter out of the car and "threw" his daughter to the ground. (*Id.* at 10-11, 34.) At some point thereafter, appellant's daughter attempted to get into the truck of a male acquaintance. (*Id.* at 11, 35.) Appellant pulled his daughter by her hair from the "pretty high" truck and again "slammed" her to the ground. (*Id.* at 11-12, 35.) During the course of these events, appellant's daughter sustained several injuries, including a hematoma on the right side of her jaw, swelling and bruising of her face and eye, and several scratches. (*Id.* at 15-20; *see also* Commonwealth Exhibits C-1(a-f) and C-2.) At the conclusion of the waiver trial, the trial court convicted appellant of aggravated assault, simple assault, and REAP. (Notes of testimony, 9/29/17 at 86.)

The record reflects that following his conviction on September 29, 2017, appellant filed an untimely post-trial motion on December 21, 2017. The trial court denied the motion at sentencing on January 26, 2018. (Sentencing

hearing transcript, 1/26/18 at 13.) The record further reflects that after appellant was sentenced, appellant's counsel requested to withdraw. (*Id.* at 19.) Appellant did not file any post-sentence motions. The trial court granted the request to withdraw but instructed appellant's counsel that if appellant wished to appeal, trial counsel was to file a notice of appeal to preserve appellant's rights until new counsel could be appointed. (*Id.*) Trial counsel, however, failed to file a timely notice of appeal. As a result, on March 5, 2018, the trial court appointed direct appeal counsel and permitted appellant to file an appeal ***nunc pro tunc*** within 30 days.

On March 8, 2018, appellant filed a notice of appeal. On March 12, 2018, the trial court instructed appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. On April 5, 2018, appellant requested an extension in which to file the Rule 1925(b) statement because appellant had yet to receive all the notes of testimony. The trial court granted the extension, allowing appellant to file his Rule 1925(b) statement within 21 days of the receipt of all notes of testimony. In its Rule 1925(a) opinion, the trial court stated that all notes of testimony were uploaded into the court reporting system on June 4, 2018. (Trial court opinion, 7/20/18 at 1.) Appellant filed his Rule 1925(b) statement on July 13, 2018. The trial court subsequently filed its Rule 1925(a) opinion on July 20, 2018.

Preliminarily, we note that appellant filed a patently untimely, counseled Rule 1925(b) statement on July 13, 2018, which was 17 days after the deadline upon which to file. The trial court, however, accepted the untimely Rule 1925(b) statement and subsequently issued its Rule 1925(a) opinion in which it addressed not only the untimeliness of the Rule 1925(b) statement, but also the merits of appellant's sufficiency challenge raised therein. (**Id.** at 7-11.) Therefore, we may consider the merits of that issue on appeal. **See Commonwealth v. Burton**, 973 A.2d 428, 432-433 (Pa.Super. 2009) (holding that, while the untimely filing of a Rule 1925(b) statement is **per se** ineffectiveness of counsel, this court may decide the appeal on its merits if the trial court had an opportunity to prepare its Rule 1925(a) opinion once the untimely Rule 1925(b) statement was filed.).

Appellant raises the following issue for our review: "Was the evidence insufficient to convict [appellant] of [a]ggravated [a]ssault and [REAP]?" (Appellant's brief at 3.)

Appellant challenges the sufficiency of the evidence to sustain his aggravated assault and REAP convictions.[2] Specifically, appellant challenges

---

[2] Inasmuch as appellant's brief presents a challenge to his daughter's credibility and invites us to reweigh the evidence in an attempt to convince us to reach a result different than the one reached by the trial court, this presents a weight of the evidence claim. Appellant failed to raise a weight claim in his Rule 1925(b) statement and, therefore, waived this claim on appeal. **See Commonwealth v. Hansley**, 24 A.3d 410, 415 (Pa.Super. 2011), **appeal denied**, 24 A.3d 1275 (Pa. 2011) (reiterating that any issues not raised in a Rule 1925(b) statement are waived).

the intent to cause serious bodily injury element of his aggravated assault conviction and the **mens rea** element of his REAP conviction. (**Id.** at 18-20; **see also** appellant's Rule 1925(b) statement at 1, ¶ 1.[3])

Our standard and scope of review for a sufficiency of the evidence claim is well settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof or proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Pappas**, 845 A.2d 829, 835-836 (Pa.Super. 2004) (citation omitted), **appeal denied**, 862 A.2d 1254 (Pa. 2004).

Aggravated assault is defined, in pertinent part, as:

---

[3] We note that appellant's counsel failed to include a copy of the Rule 1925(b) statement in his brief as required by Pa.R.A.P. 2111(a)(11).

**§ 2702. Aggravated assault**

**(a) Offense defined.**--A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

18 Pa.C.S.A. § 2702(a).

Recklessly endangering another person is defined as:

**§ 2705. Recklessly endangering another person**

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

18 Pa.C.S.A. § 2705.

"Serious bodily injury" is defined as:

**§ 2301. Definitions**

**"Serious bodily injury."** Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

18 Pa.C.S.A. § 2301. "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a).

The determination of whether the accused's actions amount to an intent to cause serious bodily injury must be determined on a case-by-case basis

taking into account the totality of the circumstances. **See Commonwealth v. Dailey**, 828 A.2d 356, 360 (Pa.Super. 2003). Factors to consider when determining if the accused acted with the intent to cause serious bodily injury include, **inter alia**, the disparity in size and strength between the accused and the victim; whether but for being restrained the accused would have escalated the attack; whether the accused possessed a weapon; whether the accused made any statements or remarks indicative of his intent. **See Commonwealth v. Alexander**, 383 A.2d 887, 889 (Pa. 1978). Actions which have amounted to an intent to cause serious bodily injury include: hitting the victim at least two times, leaving the victim dazed and helpless, and the accused's needing to be forcibly restrained from attacking again, **see id.**; the accused was disproportionately larger or stronger than the victim and struck the victim one time, **see Alexander**, 383 A.2d 889; the accused punched the victim in the head and choked the victim, **see Commonwealth v. Brunson**, 938 A.2d 1057, 1061 (Pa.Super. 2007); the accused grabbed the victim around the neck and dragged the victim, **see Commonwealth v. Sanders**, 489 A.2d 207, 210 (Pa.Super. 1985).

"REAP is a crime of assault which required the 'creation of danger'" and "an 'actual present ability to inflict harm." **Commonwealth v. Reynolds**, 835 A.3d 720, 727-728 (Pa.Super. 2003) (citations omitted). "[T]he crime requires (1) a **mens rea** recklessness, (2) an **actus reus** some 'conduct,' (3) causation 'which places,' and (4) the achievement of a particular result

'danger,' to another person, of death or serious bodily injury." ***Id.*** at 727. "The ***mens rea*** for recklessly endangering another person is 'a conscious disregard of a known risk of death or great bodily harm to another person.'" ***Commonwealth v. Klein***, 795 A.2d 424, 427-428 (Pa.Super. 2002) (citation omitted).

Here, appellant argues there was no evidence that he intended to harm his daughter or cause her serious bodily injury and that his only intent was to "get his daughter safely away from the situation." (Appellant's brief at 20.) In viewing all of the evidence in the light most favorable to the Commonwealth, as verdict winner, together with all reasonable inferences therefrom, we find that the Commonwealth presented sufficient evidence for the trial court, sitting as fact-finder in the waiver trial, to conclude that appellant intended to cause his daughter serious bodily harm and acted with a conscious disregard of the risk that he would cause such harm.

A review of the record reveals appellant threw his daughter in the back of a car and began choking her. (Notes of testimony, 9/29/17 at 10, 31.) The daughter testified that appellant pulled her out of the car, that she ended up on the ground but does not remember how she got there, and she believes appellant knocked her out. (***Id.*** at 10-11.) Appellant pulled his daughter from a second vehicle when she attempted to leave by grabbing her hair and slamming her to the ground. (***Id.*** at 11-12, 35). Several people also told appellant's daughter that appellant was on top of her and hitting her. (***Id.***)

The crowd had to restrain appellant in order to prevent him from continuing to attack his daughter. (*Id.* at 35-36, 48.) The police officer stated that she saw appellant on top of his daughter and that later appellant's daughter told the officer appellant had choked her. (*Id.* at 64-65.) Appellant is over "170 pounds heavier" than his daughter and is taller than his daughter. (*Id.* at 81.) The photos admitted into evidence at the trial showed the injuries appellant caused to his daughter. (*See* Commonwealth Exhibits C-1, and C-1A through C-1F; notes of testimony, 9/27/18 at 15-19.)

A review of the record demonstrates that the evidence clearly establishes: appellant had the intent to cause serious bodily harm to his daughter; appellant took actions towards causing his daughter serious bodily harm; appellant did cause his daughter such harm; and appellant acted with a conscious disregard of the fact that he could and did cause harm to his daughter. Therefore, the Commonwealth established all of the elements for a conviction of aggravated assault and REAP beyond a reasonable doubt. Consequently, appellant's claim that the evidence was insufficient to support the before-mentioned crimes fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/19