J-S28021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE LEMMON SR | : | |
| | : | |
| Appellant | : | No. 2753 EDA 2019 |

Appeal from the Judgment of Sentence Entered April 29, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000499-2018

BEFORE:   BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 12, 2022**

Appellant, Andre Lemmon Sr., appeals from the Judgment of Sentence entered on April 29, 2019, in the Court of Common Pleas of Philadelphia County after a jury convicted him of multiple counts of sex crimes committed against his minor stepdaughter. Appellant challenges the sufficiency of the evidence to convict him of Involuntary Deviate Sexual Intercourse ("IDSI") with a Child and the discretionary aspects of his sentence. After careful review, we affirm.

For approximately five years, Appellant perpetrated repeated acts of sexual abuse against A.J., his minor stepdaughter, and N.L., his minor

_____

[*] Retired Senior Judge assigned to the Superior Court.

biological daughter.[1] The present appeal involves Appellant's abuse of A.J. As a result of the abuse, the Commonwealth charged Appellant with Rape by Forcible Compulsion, Rape of a Child, IDSI by Forcible Compulsion, IDSI of a Child, Aggravated Indecent Assault of a Child, Unlawful Contact with a Minor, and Endangering the Welfare of Children.[2]

Appellant's jury trial began on February 21, 2019. The Commonwealth presented the testimony of A.J., Appellant's other victim N.L., Appellant's minor son A.L., the victims' mother Sheron Jones, Special Victims Unit Detectives Pete Marcellino and Patricia Eberhart, Philadelphia Children's Alliance forensic interviewer Carolina Castano, and child abuse pediatrician Dr. Marita Lind. The evidence showed that Appellant began abusing A.J. in 2010 or 2011, when she was eleven or twelve years old. Appellant performed oral and vaginal sex on A.J., and digitally penetrated her vagina.

_____

[1] The Commonwealth's case against Appellant for his abuse of A.J. is docketed at CP-51-CR-000499-2018. The Commonwealth's case against Appellant for abuse of N.L. is docketed at CP-51-CR-000517-2018. The trial court consolidated these cases for trial. In this Court, Appellant filed separate appeals of each case, each with its own briefs and distinct arguments. We address these appeals separately. Appellant's appeal of the case involving N.L. is docketed in the Superior Court at 2803 EDA 2019.

[2] 18 Pa.C.S. §§ 3121(a)(1), 3121(c), 3123(a)(1), 3123(b), 3125(b), 6318(a)(1), and 4304(a)(1), respectively.

On February 25, 2019, a jury convicted Appellant of the above crimes. On April 29, 2019, the court sentenced Appellant to an aggregate term of 20 to 40 years' incarceration.[3]

Appellant timely filed a post-sentence motion on May 1, 2019, challenging the court's exercise of sentencing discretion. The court did not rule on Appellant's motion and, therefore, denied it by operation of law on August 29, 2019.[4]

Appellant timely filed a Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Was the evidence insufficient to prove [Appellant] guilty of [IDSI] with a Child where the Commonwealth failed to prove that A.J. was less than 13 years of age at the time of the deviate sexual intercourse?

2. Did the trial court abuse its discretion in imposing a sentence that is manifestly excessive and unreasonable?

Appellant's Br. at 5.

In his first issue, Appellant challenges the sufficiency of the Commonwealth's evidence to convict him of IDSI with a Child. Our standard of review applicable to challenges to the sufficiency of evidence is well settled:

---

[3] Additionally, at docket number 517-2018, the court sentenced Appellant to serve a term of 9½ to 19 years' incarceration for crimes committed against N.L., to be served consecutively to the sentence imposed in the instant case. Appellant's total aggregate sentence is, therefore, 29½ to 59 years' incarceration.

[4] Pa.R.Crim.P. 720(B)(3)(a) ("If the judge fails to decide the motion within 120 days, . . . the motion shall be deemed denied by operation of law.").

"Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, and taking all reasonable inferences in favor of the Commonwealth, the reviewing court must determine whether the evidence supports the fact-finder's determination of all of the elements of the crime beyond a reasonable doubt." *Commonwealth v. Hall*, 830 A.2d 537, 541-42 (Pa. 2003). Circumstantial evidence is sufficient to sustain a conviction, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. *Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014). In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for that of the fact-finder. *Id.*

Finally, although a conviction must be based on "more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty." *Commonwealth v. Brunson*, 938 A.2d 1057, 1058 (Pa. Super. 2007) (citation omitted). "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Commonwealth v. Orr*, 38 A.3d 868, 872 (Pa. Super. 2011) (citations omitted). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id.* (citations and emphasis omitted).

Appellant's challenge relates to his conviction for IDSI with a Child. A person commits IDSI with a Child "when the person engages in deviate sexual

intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S. § 3123(b). "Deviate sexual intercourse" includes intercourse by oral or anal sex. *Id.* at § 3101.

Appellant asserts that the Commonwealth's evidence was insufficient to prove that A.J. was less than 13 years old when Appellant perpetrated deviate sexual intercourse on her. Appellant's Br. at 10-11. He argues that, although A.J. testified that Appellant began to sexually abuse her at age eleven or twelve, she did not testify to any specific acts of deviate sexual intercourse that occurred before she turned 13 years old. *Id.*

The trial court found the Commonwealth's evidence sufficient to prove that Appellant committed IDSI with a Child. Trial Ct. Op., 8/14/20, at 8-10. In support, it referenced A.J.'s testimony that Appellant performed oral sex on her in his house on Silver Street. *Id.* Other testimony established that Appellant lived on Silver Street in 2012 or 2013. *Id.* The court recognized that A.J. was born in November 1999 and, therefore, turned 13 years old in November 2012. *Id.* at 4, 9-10. It, thus, reasoned that "A.J. was twelve years old for the majority of the year of 2012 [and, therefore, v]iewing all of the evidence admitted at trial in the light most favorable to the Commonwealth, the evidence was clearly sufficient for the fact finder to conclude that each element of IDSI with a child was proven beyond a reasonable doubt." *Id.* at 10.

The record supports the trial court's finding. In addition to A.J.'s testimony that she was born in November 1999 and that Appellant performed

oral sex on her when he lived on Silver Street, N.L. testified that she was born in June 2003 and that she was 9 or 10 years old when Appellant lived on Silver Street. N.T. Trial, 2/21/19, at 57, 81, 103, 107. Based on this testimony, it was reasonable for the jury to conclude that Appellant lived on Silver Street in either 2012 or 2013, and that A.J. was less than 13 years old when Appellant sexually abused her in his Silver Street residence.

That the evidence does not preclude the possibility that the oral sex occurred in 2013, when A.J. was 13 years old, is not grounds for reversal, as it is the jury's sole province as fact-finder to resolve doubts regarding a defendant's guilt. It is not our role to reweigh this evidence. Based on our review of the record, we conclude that the evidence is not "so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Orr*, 38 A.3d at 872. As a result, we will not disturb the jury's verdict.

In his second issue, Appellant challenges the sentencing court's exercise of discretion. *See* Appellant's Br. at 5. A defect in Appellant's brief precludes our review.

Our Rules of Appellate Procedure unequivocally require that an appellant support each question he or she raises with discussion and analysis of pertinent authority. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009). *See also* Pa.R.A.P. 2111 and 2119 (listing argument requirements for appellate briefs). "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in

any other meaningful fashion capable of review, that claim is waived." **Johnson**, **supra** at 924. **See** Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal).

Our rules likewise require that an appellant include in his or her statement of questions involved every issue he or she wishes for this court to review. **See** Pa.R.A.P. 2116(a). This Court will not consider any issue "unless it is stated in the statement of questions involved or is fairly suggested thereby." **Id.** This rule applies with equal force to challenges to the discretionary aspects of sentence. Pa.R.A.P. 2116(b) (stating that an appellant challenging the discretionary aspects of sentence must comply with Rule 2116(a) or suffer waiver).

In his statement of questions involved, Appellant asserts that the sentencing court abused its discretion by imposing "a sentence that is manifestly excessive and unreasonable." Appellant's Br. at 5. In the argument section of his brief supporting this issue, however, Appellant provides only a single, conclusory statement that his sentence is manifestly excessive and unreasonable. Appellant's Br. at 13. He fails to develop his assertion with any discussion or citation to case law. **See id.** As a result, Appellant has waived the issue that his sentence is "manifestly excessive and unreasonable."[5]

_____

[5] Even if Appellant had developed this issue in his brief, we would nonetheless conclude that it is waived because he did not raise it at sentencing or in his post-sentence motion. **See Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (explaining that to preserve a challenge to the sentencing court's exercise of discretion, the appellant must, *inter alia*, raise the issue at sentencing or in a post-sentence motion and in a Rule 2119(f) Statement).

Similarly, Appellant argues in his brief that the sentencing court abused its discretion by failing to adequately explain its sentencing rationale on the record. *Id.* at 12-13. This argument implicates an issue that is qualitatively different from the issue Appellant raised in his statement of questions involved and we cannot conclude that it is "fairly suggested thereby." Pa.R.A.P. 2116. As a result, this argument is also waived.[6]

Having found no merit to Appellant's sufficiency challenge and waiver of his sentencing challenge, we affirm Appellant's judgment of sentence.

Judgment of Sentence affirmed.

Judge Pellegrini joins the memorandum.

Judge Bowes concurs in result.

_____

[6] Even if not waived, we would conclude that this claim is without merit. The court sentenced Appellant to 10 to 20 years' incarceration, above the guidelines but within the statutory maximum for IDSI by Forcible Compulsion. *See* 18 Pa.C. § 1103; 204 Pa. Code §§ 303.15 and 303.16(a). At sentencing, the court affirmed that it had reviewed Appellant's presentence investigation report, and it incorporated as its reasoning the lengthy recitation given by the Commonwealth for an upward departure from the sentencing guidelines. *See* N.T. Sentencing, 4/29/19, at 11-14, 21. The court likewise affirmed its consideration of mitigating factors provided in argument by Appellant's counsel. *Id.* at 5-10, 21. Thus, contrary to Appellant's claim, the record reflects the court's rationale for its upward departure from the sentencing guidelines. *See Commonwealth v. McLaine*, 150 A.3d 70, 76-77 (Pa. Super. 2016) (recognizing that, when sentencing above guidelines, the record must reflect the court's rationale); 42 Pa.C.S. § 9781(c) (requiring appellate court to affirm sentence above guidelines unless "the sentence is unreasonable.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/12/2022</u>