**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Henry WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 12, 2002.

Filed Sept. 20, 2002.

Troy H. Wilson, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before FORD ELLIOTT, JOYCE and BECK, JJ.

OPINION BY BECK, J.

¶ 1 Appellant Henry Williams, convicted in a bench trial of possession with intent to deliver a controlled substance, possession of a controlled substance, and possession of an instrument of crime (PIC), brings this timely direct appeal from judgment of sentence. On April 12, 2001, the court of common pleas, Philadelphia County, sentenced appellant to a mandatory term of imprisonment of one to two years. He now raises six issues relating to the sufficiency and weight of the evidence and trial court error. After review of the record and the briefs of the parties, we affirm judgment of sentence on the basis of the excellent and thorough opinion of the Honorable James J. Fitzgerald, III for all issues except one.

¶ 2 For the reasons that follow, we find that the trial court erred in convicting appellant for PIC. We conclude that the Commonwealth failed to prove that the walkie-talkie, or hand-held radio, used by appellant was an instrument of crime as defined in the statute.

¶ 3 The statute at issue, 18 Pa.C.S.A. § 907(d)(1), (2), Possessing instruments of crime, defines an instrument of crime as (1) "anything specially made or specially adapted for criminal use" or (2) "anything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have."

¶ 4 Appellant was using a walkie-talkie during the time he was under surveillance. He stood on the street, spoke into the walkie-talkie, and directed various persons into a nearby house on Turner Street in Philadelphia. A confidential informant effected a drug sale after he was directed into the house by appellant, who was using the walkie-talkie.

¶ 5 The question is whether there was sufficient evidence to convict appellant of PIC based on his use of the walkie-talkie. Appellant argues that the Commonwealth failed to prove mens rea in the use of the walkie-talkie and that the walkie-talkie was not specially adapted to a

criminal use. He also asserts that since he was acquitted of the underlying conspiracy charge, he was not using the walkie-talkie for criminal purposes.[1]

¶ 6 On the other hand the Commonwealth argues that appellant's criminal intent may be inferred from circumstances surrounding possession. *Commonwealth v. Andrews*, 564 Pa. 321, 768 A.2d 309 (2001). The Commonwealth's main argument that the walkie-talkie is an instrument of crime relies on *Commonwealth v. Vida*, 715 A.2d 1180 (Pa.Super.1998); *appeal denied*, 558 Pa. 608, 736 A.2d 604 (1999). In that case we held that a paint stick is an instrument of crime when wielded by a graffiti artist to commit criminal mischief.

¶ 7 The concurrence in *Vida* expressed reservations about the Superior Court's broad reading of the statute. The concurrence worried that the PIC statute in the future might be interpreted to include a telephone used to harass someone, or a megaphone used to incite a riot, as instruments of crime.

 ¶ 8 While recognizing that appellant's walkie-talkie, under the circumstances, facilitated the illicit drug sales, we distinguish its use from the paint stick in *Vida*, where the stick itself was the instrument whereby the criminal mischief (graffiti) was committed. Instantly, the walkie-talkie was used during the course of the drug sales, as a truck might be used in the course of a theft to transport stolen property, to help carry out the criminal offense. We hold that the mere use of an item to facilitate a crime does not transform the item into an instrument of crime for purposes of the PIC statute.

¶ 9 While appellant's use of the walkie-talkie facilitated the narcotics sales, we conclude that the statute was not intended to include as instruments of crime equipment not used in the crime itself, but used only to facilitate the crime.

¶ 10 Judgment of sentence affirmed in part on the basis of the trial court's opinion, and reversed in part as to the crime of PIC. Matter remanded for re-sentencing in light of our decision on the PIC charge. Jurisdiction relinquished.

---

1. Appellant incorrectly asserts that he was charged only with possessing a weapon. He was in fact charged with both PIC, § 907(a), *and* possessing a firearm or other weapon, § 907(b). Only § 907(a) is at issue here. We agree with the Commonwealth that it is irrelevant that appellant was acquitted of conspiracy, since evidence is not insufficient to prove a crime merely because the verdict is inconsistent with a verdict on another charge. *Commonwealth v. Coon*, 695 A.2d 794 (Pa.Super.1997).