J-S62035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID WAYNE HYNSON | |
| Appellant | No. 3477 EDA 2013 |

Appeal from the Judgment of Sentence September 26, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002742-2013

BEFORE:  ALLEN, J., OLSON, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 30, 2014**

David Wayne Hynson appeals from the judgment of sentence entered September 26, 2013, in the Delaware County Court of Common Pleas.  The trial court imposed an aggregate sentence of eight to 16 years' imprisonment, followed by two years' probation, after Hynson was convicted, by a jury, of arson and related charges for setting a car on fire.  On appeal, Hynson challenges the sufficiency of the evidence, and the legality of his sentence.  For the reasons set forth below, we affirm in part, vacate in part, and remand the case for resentencing.

The facts underlying Hynson's conviction are well known to the parties, and aptly summarized in the trial court's opinion.  **See** Trial Court Opinion, 3/26/2014, at 2-5.  Therefore, we need only briefly reiterate them here.  In the early morning hours of January 11, 2013, Hynson, accompanied by his

girlfriend, Samantha Rigby, set fire to a car, owned by Desiree Schulz, which was parked under a deck attached to Schulz's home.[1] Specifically, Hynson doused the car with gasoline then tossed a lit piece of paper on the trunk. Hynson and Rigby started the fire in retaliation for an argument Rigby had with Schulz, who was her landlord. Fortunately, Schulz and her seven-month-old daughter, who were sleeping in the attached house at the time, escaped without injury.

Hynson was subsequently arrested and charged with attempted murder, arson (endangering persons), arson (endangering property), criminal conspiracy, PIC, recklessly endangering another person (REAP) (two counts), and causing a catastrophe.[2] Jury selection for trial began on July 25, 2013. At the close of the Commonwealth's case-in-chief on July 30, 2013, Hynson moved for a judgment of acquittal on the charge of attempted murder, which the trial court granted. **See** N.T., 7/30/2013, at 108. Later that day, the jury returned a verdict of guilty on all charges, with the exception of causing a catastrophe. On September 26, 2013, the trial court

---

[1] We note that Rigby was also charged in connection with the fire. She entered a guilty plea on July 16, 2013, to charges of criminal conspiracy, reckless burning, and possessing instruments of crime (PIC). **See** N.T., 7/29/2013, at 133; Delaware County Court of Common Pleas, Criminal Docket 1670-2013. Thereafter, Rigby testified for the Commonwealth at Hynson's trial.

[2] 18 Pa.C.S. §§ 2501, 3301(a)(1)(i), 3301(c), 903, 907, 2705, and 3302(a), respectively.

imposed a sentence of five to 10 years' imprisonment for arson-endangering persons, two to four years' imprisonment for criminal conspiracy, one to two years' imprisonment for PIC, and one year of probation for each count of REAP. The court directed all sentences to run consecutively for an aggregate term of incarceration of eight to 16 years, followed by two years' probation.

On October 7, 2013, both Hynson and the Commonwealth filed timely motions for reconsideration of sentence.[3, 4] While the motions were pending, and while he was represented by retained counsel, Hynson filed a *pro se* notice of appeal on October 30, 2013. On November 1, 2013, the trial court entered an order purporting to deny the notice of appeal as moot, since the post-sentence motions were still pending, and Hynson was still represented by counsel.[5] The trial court conducted a hearing on the post-sentence motions on November 13, 2013. At the beginning of the hearing, Hynson's

_____

[3] Although the motions were filed on the eleventh day following sentencing, the tenth day, October 6, 2013, was a Sunday. 1 Pa.C.S. § 1908.

[4] Hynson requested a reduction in his term of incarceration based upon mitigating factors. The Commonwealth sought the imposition of a mandatory minimum term of 10 to 20 years' incarceration for Hynson's conviction of arson pursuant to 42 Pa.C.S. § 9714(a)(1). **See id.** (mandatory minimum 10 year term for "second strike" conviction).

[5] This Court later dismissed that appeal as duplicative. **See** Docket No. 2993 EDA 2013, Order, 12/24/2014 ("This appeal is hereby dismissed as duplicative of the appeal docketed at No. 3477 EDA 2013.").

counsel withdrew his motion for reconsideration. The trial court later denied the Commonwealth's motion.[6]

Hynson thereafter filed a *pro se* notice of appeal on December 13, 2013. Counsel was appointed to represent Hynson on direct appeal. On January 9, 2014, the trial court ordered Hynson to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). After receiving an extension to time, Hynson complied with the court's directive and filed a concise statement on February 28, 2014.

In his first issue, Hynson challenges the sufficiency of the evidence supporting his conviction of PIC. Specifically, he argues the gasoline he used to start the fire was not an "instrument of crime." Hynson asserts "[t]he gasoline [he purchased] was simply utilized to help carry out the arson rather than being the actual instrument of the arson." Hynson's Brief at 13. Further, he contends that because the gasoline "was employed only as a means to facilitate the commission of the crime of arson[,]" it was not an "instrument of crime" as defined by the statute.

When considering a challenge to the sufficiency of the evidence,

---

[6] Although the trial court did not explain the basis of its ruling, we note the Commonwealth did not provide Hynson, **before** the sentencing hearing, with the requisite notice of its intent to seek the imposition of the mandatory minimum term. *See* 42 Pa.C.S. § 9714(d) ("[R]easonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing.").

[w]e must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

*Commonwealth v. Mollett*, 5 A.3d 291, 313 (Pa. Super. 2010) (internal citations omitted), *appeal denied*, 14 A.3d 826 (Pa. 2011).

In order to secure a conviction for PIC, the Commonwealth must prove the defendant "possesse[d] any instrument of crime with intent to employ it criminally." 18 Pa.C.S. § 907(a). The statute defines an "instrument of crime," in relevant part, as "[a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S. § 907(d).

Hynson relies on this Court's decision in *Commonwealth v. Williams*, 808 A.2d 213 (Pa. Super. 2002), for support of his argument on appeal. In *Williams*, a panel of this Court held that a walkie-talkie the defendant used to facilitate drug sales was not an "instrument of crime" for purposes of a conviction under Section 907. The *Williams* panel explained:

Instantly, the walkie-talkie was used during the course of the drug sales, as a truck might be used in the course of a theft to transport stolen property, **to help carry out the criminal offense**. We hold that the mere use of an item to facilitate a crime does not transform the item into an instrument of crime for purposes of the PIC statute.

*Id.* at 215 (emphasis supplied). The *Williams* Court distinguished the facts before it from those presented in *Commonwealth v. Vida*, 715 A.2d 1180

- 5 -

(Pa. Super. 1998), *appeal denied*, 736 A.2d 604 (Pa. 1999), where this Court found that a paint stick the defendant used to paint graffiti on a lamp pole was an "instrument of crime" under Section 907(d). The **Williams** Court explained that in **Vida**, "the stick itself was the instrument whereby the criminal mischief (graffiti) was committed." **Williams**, **supra**, 808 A.2d at 215.

Here, the trial court found the gasoline Hynson used to accelerate Schulz's car was an "instrument of crime" as defined in the statute.

> [Hynson] purchased the gasoline in order to commit arson. [Hynson] deliberately doused Schulz's car with gasoline and then threw a lit piece of paper on top of the car. [Hynson] bypassed using the gasoline for any of its lawful uses, and instead, used it for criminal purposes. The argument that gasoline, when used to commit arson, cannot be an instrument of crime is without merit.

Trial Court Opinion, 3/26/2014, at 8.

We agree with the trial court's conclusion. Unlike the walkie-talkie in **Williams**, here, the gasoline was not used merely to facilitate the crime. Rather, much like the paint stick in **Vida**, the gasoline "was the **instrument** whereby the [arson] was committed." **Williams**, **supra**, 808 A.2d at 215 (emphasis supplied). Therefore, Hynson's challenge to the sufficiency of the evidence fails.

Next, Hynson contends the trial court imposed an illegal sentence because both sentences imposed for REAP should have merged with the sentence imposed for arson (endangering persons).

- 6 -

A claim that the trial court imposed an illegal sentence by failing to merge sentences is a question of law. Accordingly, our standard of review is plenary. The Pennsylvania legislature passed a statute governing merger, which states:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

*Commonwealth v. Schmohl*, 975 A.2d 1144, 1149 (Pa. Super. 2009), *quoting* 42 Pa.C.S. § 9765. "The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009).

Here, Hynson was convicted of one count of arson (endangering persons) and two counts of REAP. A person may be convicted of arson (endangering persons) if, *inter alia*,

he intentionally starts a fire or causes an explosion, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, whether on his own property or on that of another, and if … he thereby recklessly places another person in danger of death or bodily injury, including but not limited to a firefighter, police officer or other person actively engaged in fighting the fire[.]

18 Pa.C.S. § 3301(a)(1)(i). A person is guilty of REAP if "he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705.

In the present case, the trial court agrees that the sentence for **one count of REAP** should have merged with the sentence for arson-endangering persons. However, relying on this Court's decision in **Commonwealth v. Glass**, 50 A.3d 720 (Pa. Super. 2012), *appeal denied*, 53 A.3d 774 (Pa. 2013), the court maintains the sentence for the second count of REAP should not merge. We agree.

In **Glass**, the defendant was convicted of one count of arson and three counts of REAP, after setting fire to his own house and endangering his wife and two children. **Id.** at 724. At sentencing, the trial court merged the sentence for one count of REAP with the sentence for arson, but imposed consecutive sentences for the remaining two counts of REAP. **Id.** at 732. On appeal, a panel of this Court affirmed concluding that, while a conviction of arson (endangering persons) required the jury to find the defendant "recklessly placed **another person** in danger of death or bodily injury," in that case, the defendant's actions placed three people in danger. **Id.** Therefore, the Court concluded only one count of REAP merged for sentencing purposes.

The same is true in the present case. Although Hynson's conviction of one count of REAP should have merged with his conviction of arson, we find,

- 8 -

pursuant to the decision in **Glass**, that his other conviction of REAP, for seven month old child should not have merged. Accordingly, we vacate the judgment of sentence and remand for resentencing.[7]

Judgment of sentence affirmed in part, and vacated in part. Case remanded for resentencing consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2014

_____

[7] We note the Commonwealth argues that, pursuant to the merger statute, the crimes of arson (endangering persons) and REAP do not merge for sentencing purposes. The Commonwealth emphasizes REAP requires that the defendant place another person "in danger of death or **serious bodily injury**." 18 Pa.C.S. § 2705. However, arson (endangering persons) requires only that the defendant place another person "in danger of death or **bodily injury**[.]" 18 Pa.C.S. § 3301(a)(1)(i). Therefore, it contends, one could intentionally set a fire to a car parked in a fireproofed garage of a fireproofed building, and place a person in danger of only bodily injury, by smoke inhalation, but not in danger of serious bodily injury, as required for a conviction of REAP. **See** Commonwealth's Brief at 22. The Commonwealth, however, does not discuss this Court's decision in **Glass**, **supra**, which relates to multiple victims, and which we find to be dispositive.