J-S02009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: K.M.M.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: K.M.M.B., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 821 EDA 2020 |

Appeal from the Dispositional Order Entered February 3, 2020,
in the Court of Common Pleas of Monroe County,
Juvenile Division at No(s):  CP-45-JV-0000203-2019.

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

CONCURRING MEMORANDUM BY KUNSELMAN, J.:      **FILED JUNE 15, 2021**

I fully join the Majority's decision, because I agree that the Appellant's brief failed to develop an argument challenging his conviction for possession of an instrument of a crime (PIC). *See* 18 Pa.C.S.A. § 907(d)(2).  And to the extent his argument was developed, Appellant challenged only the scienter element of the offense, which the Majority properly addressed. *See* Majority at 7-8*.

I write separately, however, to voice my reservations about the potentially far-reaching application of the PIC statute.  I echo the concern articulated by Judge Beck, over twenty years ago, in her concurrence in *Commonwealth v. Vida*, 715 A.2d 1180, 1184-1185 (Pa. Super. 1998).  In *Vida*, the Majority concluded that a graffiti artist's paint stick constituted an instrument of the crime.

However, the Concurrence worried that Section 907(d)(2) may be interpreted too broadly in certain instances. The Concurrence specifically questioned whether a telephone could become an instrument of a crime if it were used by an individual to harass another, or whether a megaphone could be an instrument of a crime if it were used to incite a riot. *Id.*[1]

To be clear – and as the Concurrence noted – it was the Legislature's intention to construct the PIC statute broadly when it long ago amended the statute. *See Vida*, 715 A.2d at 1184 (J. Beck, concurring) (citing a legislator's express desire to "get tough with violent criminals"). Prior to the amendment, the statute defined an instrument of a crime as "anything *commonly* used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it might have." *Vida*, at 1182 (Majority Opinion) (emphasis original). I defer to the wisdom of the Legislature when it deleted the word "commonly" from the from the statute. As the Majority in *Vida* rightly observed, legislative intent controls when the courts are tasked with interpreting a statute. *Id.* (citing 1 Pa.C.S.A. § 1921(b)). Opining that there was little the Judiciary could do, Judge Beck concluded the Concurrence by encouraging the Legislature to reexamine the law.

My reservation has less to do with the Legislature's amendment of Section 907(d)(2), so much as it concerns whether the courts are accurately

---

[1] I find the Concurrence to be prescient. In the instant case, Appellant's Snapchat application possessed the same qualities as a harasser's telephone and a rioter's megaphone.

applying it. After the Legislature deleted the word "commonly," the PIC statute now covers: "Anything used for criminal purpose and possessed by the actor **under circumstances not manifestly appropriate for lawful uses it may have.**" 18 Pa.C.S.A. § 907(d)(2) (emphasis added). This emphasized clause survived to limit the first clause; the statute was not amended to cover any and all things.

I doubt the Legislature intended for the PIC statute to mean that whenever a person is charged with one crime, he or she will automatically be charged with a second. Indeed, our Court has attempted to explain that "instruments of a crime" cannot mean everything under the sun.

For example, in **Commonwealth v. Williams**, 808 A.2d 213, 215 (Pa. Super. 2002), this Court reversed the conviction for PIC where the appellant used a walkie-talkie to coordinate drug sales. We held "that the mere use of an item to **facilitate** a crime does not transform the item into an instrument of crime for purposes of the PIC statute." **Id.** (emphasis added). Yet in my view, the courts have not uniformly applied the **Williams** rule, or otherwise articulated the limits of the PIC statute.[2]

Here, Appellant does not argue that his cellphone "merely facilitated" his crime, as opposed to being "crime equipment" used "in the crime itself."

---

[2] Of course, "the Superior Court is an error correcting court and we are obliged to apply the decisional law as determined by the Supreme Court of Pennsylvania." **Matter of M.P.**, 204 A.3d 976, 986 (Pa. Super. 2019) (citation omitted). "It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand legal doctrines. Such is a province reserved to the Supreme Court." **Id.** (citation omitted).

*See id.* Therefore, I join with the Majority's decision to affirm his conviction under the PIC statute.