J-S42039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                    :           PENNSYLVANIA
                                    :
              v.                      :
                                    :
                                    :
HERMAN VILLAFANE                     :
                                    :
          Appellant             :     No. 432 EDA 2020

Appeal from the Judgment of Sentence Entered December 18, 2019
in the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0004261-2018

BEFORE:  PANELLA, P.J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED: JANUARY 22, 2021**

Herman Villafane ("Villafane") appeals from the judgment of sentence imposed following his convictions of robbery, simple assault, and retail theft.[1] We affirm.

On November 30, 2018, at approximately 9:15 a.m., Villafane and Kristin Pacropis ("Pacropis") arrived at the ACME Markets ("ACME") located at the West Goshen Shopping Center in West Chester, Pennsylvania.  Pacropis remained in the vehicle as Villafane entered ACME.  After Villafane had entered ACME, Betty Tacket ("Tacket"), an ACME employee, observed Villafane placing various pharmaceutical and cleaning items into his cart.  Tacket followed Villafane throughout the store, and saw Villafane bypass the checkout lines

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(iv), 2701(a)(1), 3929(a)(1)

and proceed towards the exit. As Villafane exited, Tacket shouted for Calin Bailey ("Bailey"), another ACME employee, to stop Villafane. Bailey grabbed the cart and Villafane released it.

Villafane ran out of the store, and Bailey followed him. When Bailey caught up to Villafane, Villafane placed Bailey in a headlock and punched Bailey in the head multiple times. During this time, Pacropis approached in her vehicle. Villafane released Bailey, entered Pacropis's vehicle, and together they drove away. At some point thereafter, the police arrived and called an ambulance for Bailey. Bailey was taken to Chester County Hospital and treated for bruising to his head.

Later that day, Villafane was arrested and charged with two counts of robbery, and one count each of retail theft, criminal conspiracy, and simple assault. Villafane filed an Omnibus Pre-Trial Motion, which included, *inter alia*, a Motion to Dismiss one count of robbery. The trial court granted Villafane's Motion to Dismiss one of the robbery counts. Prior to trial, the Commonwealth withdrew the charge of criminal conspiracy.

A jury found Villafane guilty of robbery, simple assault, and retail theft. The trial court deferred the sentencing hearing and ordered the preparation of a pre-sentence investigation report ("PSI").

On December 18, 2019, the trial court sentenced Villafane, in the aggravated range, to five to ten years in prison for his robbery conviction.[2] On December 27, 2019, Villafane filed a Motion to Modify and Reduce Sentence in which he claimed, *inter alia*, that the trial court considered Villafane's exercise of his right to a jury trial as an improper sentencing factor. The trial court denied Villafane's Motion. Villafane filed a timely Notice of Appeal[3] and court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Villafane now raises the following issues for our review:

1. Was evidence presented at trial insufficient to prove [r]obbery, count 2, 18 Pa.C.S.A. § 3701(a)(1)(iv), and [s]imple [a]ssault, count 5, 18 Pa.C.S.A. § 2702(a)(1)?

2. Did the trial court abuse its discretion in sentencing [Villafane] to five to ten years [of] confinement when it inappropriately considered [Villafane]'s assertion of his right to trial?

Brief for Appellant at 5.

In his first claim, Villafane challenges the sufficiency of the evidence

---

[2] The remaining offenses merged for sentencing purposes.

[3] Villafane purports to appeal from the trial court's December 30, 2019, Order denying his post-sentence Motion. However, in criminal matters, an appeal properly lies from the imposition of the judgment of sentence. **See Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (citation omitted). We have corrected the caption accordingly.

supporting his robbery and simple assault convictions.[4] *Id.* at 12-13.

Villafane argues that the Commonwealth failed to establish that he had

intended to cause, or did cause, bodily harm to Bailey. *Id.* at 13-14. Villafane

acknowledges Bailey's testimony that Villafaine had placed Bailey in a

headlock and punched Bailey twice in the head. *Id.* However, Villafane

contends that the injuries sustained by Bailey "do not rise to the level of bodily

injury as contemplated in the statute[s]." *Id.* at 14-15.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for a fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence received must be considered. Finally, the [trier] of fact[,] while passing upon the credibility of witnesses and the

---

[4] In the Argument section of his brief, Villafane titles this claim as a challenge to the weight of the evidence. Brief for Appellant at 12; *See also Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000) (stating that sufficiency of the evidence claims are distinct from weight of the evidence claims, as there are different standards of review as well as separate remedies). To the extent that Villafane raises a weight of the evidence claim, it is waived, because Villafane did not raise it in a post-sentence motion before the trial court. *See Commonwealth v. Sherwood*, 982 A.2d 483, 494 (Pa. 2009) (stating that when an appellant fails to raise a weight claim before the trial court, such a claim is waived).

weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Smith***, 97 A.3d 782, 790 (Pa. Super. 2014) (citation omitted).

The Crimes Code, in relevant part, provides that "[a] person is guilty of robbery if, in the course of committing a theft, he … (iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury[.]" 18 Pa.C.S.A. § 3701(a)(1)(iv).

Additionally, the Crimes Code provides that "[a] person is guilty of assault if he: (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1). "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301.

In its Opinion, the trial court addressed Villafane's sufficiency claims as follows:

> The evidence introduced at trial established the following: On November 30, 2018, [Villafane] asked [] Pacropis to take him to the A[CME] located in West Goshin Township, which is in Chester County[,] Pennsylvania. They arrived at approximately 9:15 a.m. [] Pacropis stayed in the car and [Villafane] went into the store. [Tacket] saw [Villafane] swiping items off the shelf from the aisle where medicine was displayed and put them in his cart. [Villafane] then left the store without going to the register area and paying for the items. He exited out of the doors[,] where an employee, [] Bailey, was vacuuming the carpet. [Tacket] yelled for [] Bailey to stop [Villafane]. [] Bailey ran after [Villafane] and got a hold of the cart. [Villafane] pushed the cart at [Bailey] in an attempt to get [Bailey] to let go. When that did not work, [Villafane] put [] Bailey in a headlock and punched him on the side of his head. [] Bailey could not breathe and he [] thought

[Villafane] was going to kill him. [Villafane] released him, [] got into [] Pacropis'[s] car[,] and they drove away. When [Villafane] entered the car, he told [] Pacropis that he hit someone in order to get away.

After the incident, [] Bailey was upset, scared and shaking, and he had a red mark on his neck and a lump the size of a golf ball on the side of his head. Police arrived at the scene, an ambulance was called for [] Bailey, [and he was subsequently] taken to the hospital. The red lump on his head remained for several days. In addition, Bailey was sore, his head was throbbing and he had a headache for several days after the incident. [] Bailey, who worked at the A[CME] for twelve years prior to this [incident], no longer works there because he is scared to return.

… [T]he items [Villafane] attempted to steal were scanned and totaled by A[CME] employees. The total value of the items [Villafane] attempted to take was $2,117.22.

Based on the record, it is clear that the Commonwealth presented [] testimony and evidence from which the jury could find that every element of the crimes of [r]obbery and [s]imple [a]ssault were established beyond a reasonable doubt. Even though [Villafane claims] that [he] never struck [] Bailey, it is clear that the jury found [] Bailey credible and determined that [Villafane]'s version of events was not credible. It is within the jury's province to do so. In addition, [] Pacropis corroborated [] Bailey's version of events when she testified that [Villafane] admitted to her that he "hit that guy" in order to get away….

Trial Court Opinion, 4/21/20, at 4-5.

We agree with and adopt the trial court's well-reasoned Opinion in regards to Villafane's first claim. *See id.* Moreover, to the extent that Villafane contends that the Commonwealth failed to prove that Bailey suffered actual injury, his argument is without merit for the reasons stated by the trial court. *See id.*; *see also Commonwealth v. Richardson*, 636 A.2d 1195, 1196 (Pa. Super. 1994) (concluding that the Commonwealth had presented

sufficient evidence of bodily injury where the appellant had punched the victim in the face and caused pain for a few days).

Additionally, even if the Commonwealth's evidence did not establish actual injury, it established an attempt to cause injury, as Villafane had placed Bailey in a headlock and punched Bailey in the head. *See Commonwealth v. Martuscelli*, 54 A.3d 940, 948-49 (Pa. Super. 2012) (stating that "it is sufficient to support a conviction [of simple assault] if the Commonwealth establishes an attempt to inflict bodily injury[,]" and that such attempt may be shown by circumstances reasonably suggesting that a defendant intended to cause injury); *see also Commonwealth v. Brunson*, 938 A.2d 1057, 1060-61 (Pa. Super. 2007) (concluding that the Commonwealth had demonstrated an attempt to cause bodily injury where the defendant had grabbed the victim's neck and punched him in the head). Thus, to the extent that Villafane contends that the Commonwealth failed to prove that he attempted to cause injury to Bailey, his argument is without merit. Accordingly, we cannot grant Villafane relief on this claim.

In his second claim, Villafane argues that the trial court abused its discretion in considering his decision to go to a trial as a sentencing factor. Brief for Appellant at 11. Villafane directs our attention to the trial court's following statement at sentencing:

> What we do know is that he was intellectually disabled when you had him go through the trauma of testifying. You have the right to trial, but that young man in this case that really is contrary to your opinion, it looked solid. It's a very strong Commonwealth

- 7 -

case. The jury thought so too. I don't know what they offered you. Maybe it was high, but that young man had to go through the gauntlet of testifying. So his initial trauma of this assault which may have been a bam[-]bam thing from your perspective, it becomes a horrible issue where he has to testify at a pretrial and trial. That's wrong.

*Id.* at 16 (quoting N.T. (Sentencing Hearing), 12/18/19, at 26).

Villafane challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal. *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (stating that a claim of whether the trial court considered a defendant's exercise of his right to a jury trial, as a sentencing factor, is a challenge to the discretionary aspects of his sentence). Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997); *see also Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987). Prior to reaching the merits of a discretionary sentencing issue,

[this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (quotation marks and come citations omitted).

Here, Villafane filed a timely Notice of Appeal, preserved his claim in his post-sentence Motion to Modify and Reduce Sentence, and included a Rule

2119(f) Statement in his brief. Additionally, Villafane's claim that the trial court relied on an impermissible factor, *i.e.*, his decision to exercise his right to a jury trial, raises a substantial question for our review. *See Moury*, 992 A.2d at 170 (stating that "[a] court's reliance on a defendant's decision to go to trial rather than accept a plea bargain … presents a substantial question."). Thus, we will review Villafane's discretionary sentencing claim.

> We adhere to the following standard of review:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Robinson*, 931 A.2d 15, 26 (Pa. Super. 2007) (citation omitted).

"In every case in which the court imposes a sentence for a felony … the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reasons or reasons for the sentence imposed." *See Commonwealth v. Mouzon*, 812 A.2d 617, 620-21 (Pa. 2002) (plurality) (quoting 42 Pa.C.S.A. § 9721(b)). "[T]he [trial] court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim, and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A.

§ 9721(b); *see also Commonwealth v. McClendon*, 589 A.2d 706, 713 (Pa. Super. 1991) (stating that "the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation."). "A sentencing court may consider any legal factor in determining that a sentence in the aggravated range should be imposed. … [T]he sentencing judge's statement of reasons on the record must reflect this consideration…." *Commonwealth v. Stewart*, 867 A.2d 589, 592-93 (Pa. Super. 2005) (citation omitted). Further, the trial court must consider the Sentencing Guidelines. *Commonwealth v. Sheller*, 961 A.2d 167, 190 (Pa. Super. 2008).

Here, the trial court addressed Bailey's intellectual disability and the impact that Villafane's assault had on Bailey. The trial court stated the following:

> Okay, under 42 [Pa.C.S.A. § 9721], the [c]ourt shall consider the principle sentence should [*sic*] call for the protection of the public, the gravity of the offense as it relates to the impact of the community and the rehabilitative needs of the defendant. I look at the man. I look at the crime, the effect o[n] the victim[.] You know, it's a shame [Bailey] isn't here today, because I would have addressed him directly. He showed courage in testifying. I'm really disheartened by the fact this young man who worked for 12 years at an A[CME] hasn't gone to work since this incident, and if it happened the way [] Villafane claims that he never had contact with him, I don't think that would be the case. I think [Bailey] had a traumatic experience and the jury found it that way. It's something he's going to live with the rest of his life. My message back to him is he went through this trial and testified and he showed the courage through that. He can do anything. He can be a bagger again. This is unique, weird, thing that I don't think happened normally. … [Bailey] stopped this guy. [Normally, you

don't] think a retail theft would blow up to the point where he's choked and punched and terrified by it.

\* \* \*

[Villafane] assault[ed] an intellectually disabled person. Now, in a delicate area, I think your attorney made a good argument. How are you suppose[d to] know in a matter of moments that [Bailey] is intellectually disabled. That may be true. What you did know is that he was intellectually disabled when you had him testify[.] You have the right to trial, but th[is case was] a very strong Commonwealth case. The jury thought so too. I don't know what they offered you, maybe it was high, but that young man had to go through the gauntlet of testifying. So his initial trauma of this assault which may have been a bam[-]bam thing from your perspective, it becomes a horrible issue where he has to testify at a pretrial and trial. I can consider that his intellectual disability is an aggravating factor.

N.T. (Sentencing hearing), 8/5/20, at 23-24, 26-27 (citations omitted). We conclude that this exchange signifies that the trial court considered Villafane's conduct as it relates to the impact on the life of the victim, rather than Villafane's decision to stand trial. *See* 42 Pa.C.S.A. § 9721 (providing that "the trial court *shall* [consider] … the gravity of the offense as it relates to the impact on the life of the victim.") (emphasis added).

Moreover, the record reflects that the trial court complied with the requirements of 42 Pa.C.S.A. § 9721(b), and considered all relevant sentencing factors, when it imposed Villafane's sentence. *See* N.T. (Sentencing Hearing), 8/5/20, at 2-3, 11-12, 24-30 (wherein the trial court detailed its consideration of Villafane's PSI, Villafane's prior criminal record, Villafane's history with drugs and alcohol, the gravity of Villafane's offense as it relates to the impact on the life of Bailey, and Villafane's family history,

Villafane's prior conduct in prison, and several other factors); ***see also Commonwealth v. P.L.S.***, 894 A.2d 120, 133 (Pa. Super. 2006) (stating that even if the trial court considered an inappropriate factor at sentencing, "the trial court offered significant other support for sentencing in excess of the guidelines[.]"); ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988) (explaining that where a sentencing judge has considered the PSI, it is presumed that they are "aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."). Therefore, we conclude that the trial court did not abuse its discretion in imposing Villafane's sentence and that Villafane's challenge to the discretionary aspects of his sentence is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/21